# EXHIBIT 1

JUDGE JONES

## 12 CIV 7820

JED R. SCHLACTER, ESQ.
SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1308
New York, NY 10123
212 695-2000

RECEIVED
OCT 19 2012
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

JINNO INTERNATIONAL CO.,                          :

                                    Plaintiff,    :          12 Civ.

           -against-                              :          **COMPLAINT**

PREMIER FABRICS, INC., PREMIER FABRICS,
INC. d/b/a CITY PRINTS, and CITY PRINTS LLC,     :

                                    Defendants.   :

--------------------------------------------------------------X

       Plaintiff, Jinno International Co., by its attorneys Schlacter & Associates, for its

Complaint against defendants, respectfully alleges:


## JURISDICTION AND VENUE

    1.     This action, as more fully stated below, is for breach of contract, account stated,

quantum meruit and unjust enrichment.


    2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a)(2)

because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and is

Complaint-Jinno v. Premier

between a citizen of a foreign state and citizens of New York State.

3.      Venue is proper in this district under 28 U.S.C. Section 1391(b).  Process properly

issues from this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

4       Plaintiff is a foreign corporation organized and existing pursuant to the laws of the

Republic of Korea, with its principal place of business located at 180-30, Janggi-Dong, Dalseo-

Gu, Daegu, Korea, and is in the business of selling textile fabrics to apparel manufacturers,

among others.

5.      Upon information and belief, defendant Premier Fabrics, Inc. is a domestic

corporation organized and existing pursuant to the laws of the State of New York, with its

principal place of business located at 1400 Broadway, Suite 1704, New York, NY 10018, and is

in the business of manufacturing, importing and/or selling finished fabrics and/or ladies' apparel.

Upon information and belief, Premier also does business as "City Prints".  Premier Fabrics, Inc.

and Premier Fabrics, Inc. d/b/a  City Prints are hereinafter collectively referred to as "Premier".

6.      Upon information and belief, defendant City Prints LLC (hereinafter referred to as

"City Prints") is a domestic limited liability company organized and existing pursuant to the laws

Complaint-Jinno v. Premier                         - 2 -

of the State of New York, with its principal place of business located at 1400 Broadway, Suite 1704, New York, NY 10018, and is in the business of manufacturing, importing and/or selling finished fabrics and/or ladies' apparel.

7.     Upon information and belief, Premier and City Prints are and have been alter egos of each other.

8.     Upon information and belief, Premier and City Prints have, during the times involved in this matter, shared offices, showrooms, warehousing facilities, employees, telephones, have had common telephone and fax numbers, utilize the same information technology systems, and have had the same and/or common owners and officers.

9.     Upon information and belief, the owners, officers, and members of both Premier and City Prints are Ryan Borg and Jason Borg, and emails from them to the plaintiff list their names and the names of both Premier and City Prints on them, interchangeably.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT
## GOODS SOLD & DELIVERED

10.     In and around the period of June 2012 through August 2012, at the specific instance and request of the defendants, the plaintiff shipped and delivered to or on behalf of the

defendants, finished fabrics at the agreed price and reasonable value of $ 128,449.01.

11.     All of the goods delivered by the plaintiff were accepted by the defendants

without complaints or objections, and have been used by the defendants, except, upon

information and belief, the goods covered by plaintiff's invoice number 120816-7 referred to

below (which latter goods, however, have not been returned to plaintiff, and upon information

and belief have been retained and/or used by defendants).

12.     A detailed listing, pursuant to CPLR Section 3016(f), of the items purchased and

received by defendants is as follows:

| Invoice Date | Description | Invoice # | Yards | Agreed Price & Reasonable Value |
|---|---|---|---|---|
| 6/19/12 | Stretch Charmeuse | 120619-3 | 1,511 | 3,324.20 |
| 6/19/12 | Stretch Charmeuse | 120619-4 | 240 | 528.00 |
| 6/19/12 | Stretch Charmeuse | 120619-5 | 842 | 1,852.40 |
| 6/20/12 | Dewdrop Nep Shantung | 120620-1 | 6,071 | 9,713.60 |
| 6/22/12 | Stretch Charmeuse | 120622-4 | 3,723 | 8,190.60 |
| 6/22/12 | Ity thin star web | 120622-6 | 1,458 | $ 4,155.30 |
| 6/25/12 | Crystal Organza | 120625U | 45 | 31.50 |
| 6/27/12 | Crystal Organza | 120627-1 | 2,089 | 1,462.30 |
| 6/30/12 | Dewdrop Nep Shantung | 120630-1 | 1,922 | 3,075.20 |

| Invoice Date | Description | Invoice # | Yards | Agreed Price & Reasonable Value |
|---|---|---|---|---|
| 7/2/12 | Dewdrop Nep Shantung | 120702U | 50 | 80.00 |
| 7/12/12 | Ity Print | 120712-1 | 4,984 | 10,964.80 |
| 7/12/12 | Dewdrop Nep Shantung | 120712-3 | 4,123 | 6,596.80 |
| 7/12/12 | Ity thin star web & p/d | 120712-4 | 5,741 | 9,759.70 |
| 7/13/12 | Anabelle | 120713A | 5 | 30.70 |
| 7/16/12 | Knit Mesh Print | 120716-1 | 1,840 | 3,404.00 |
| 7/16/12 | Anabelle | 120716-2 | 1,525 | 3,278.75 |
| 7/18/12 | Dewdrop Nep Shantung | 120718-1 | 996 | 2,290.80 |
| 7/19/12 | Charmeuse | 120719-1 | 500 | 825.00 |
| 7/19/12 | Charmeuse | 120719-2 | 1,037 | 1,711.05 |
| 7/19/12 | Stretch Charmeuse | 120719-3 | 1,163 | 2,558.60 |
| 7/26/12 | Lurex Yoryu | 120726F-1 | 15 | 36.75 |
| 7/27/12 | Lurex Yoryu | 120727-4 | 3,125 | 7,656.25 |
| 7/30/12 | Ity Print | 120730IL | 10 | 22.00 |
| 7/31/12 | Ity P/D | 120731-3 | 4,292 | 7,081.80 |
| 8/4/12 | Pebble Georgette & Charmeuse | 120804-1 | 5,168 | 9,170.90 |
| 8/7/12 | Ity thin star | 120807-6 | 1,400 | 3,920.00 |
| 8/13/12 | Silky Knit | 120813D | 15 | 87.13 |

| Invoice Date | Description | Invoice # | Yards | Agreed Price & Reasonable Value |
|---|---|---|---|---|
| 8/13/12 | Dull Charmeuse | 120813-7 | 1,025 | 1,742.50 |
| 8/13/12 | Ity thin star & solid | 120813-8 | 5,001 | 9,908.15 |
| 8/13/12 | Acetate lik satin | 120813-9 | 987 | 3,651.90 |
| 8/13/12 | Washed silky knit | 120813-10 | 1,691 | 3,466.55 |
| 8/16/12 | Chiffon Print | 120816-7 | 3,000 | 7,800.00 |
| 8/17/12 | Chiffon Print | 120817A | 18 | 71.78 |

TOTAL:                                                    $ 128,449.01

13.     The defendants have failed to pay for the $ 128,449.01 of merchandise referred to in Paragraph 12 above, that was shipped, received by them, and (except, arguably, for the goods from invoice 120816-7) accepted by them, although the plaintiff has made repeated demands for payment, and defendants have made repeated promises of payment.

14.     In fact, by email dated August 31, 2012, defendants wrote that they "will wire payment next week, 09/04/12", but to date they have failed to do so.

15.     By email dated September 12, 2012, Ryan Borg wrote to plaintiff as follows: "Re Payment: I am not avoiding payment.  I am having slow time as everyone in the market is, and I

am trying to resolve all payment issues shortly.  Please be patient."

16.     By email dated September 14, 2012, Ryan Borg wrote to plaintiff as follows: "I have already explained that due to cash flow situation I need more time to make payment."

17.     Notwithstanding the promises of payment by defendants, to this date, payment has still not been received, and as a result of the defendants' failure to pay to the plaintiff the sum of $128,449.01, they have breached their agreements with plaintiff.

18.     As a consequence thereof, the plaintiff has been damaged in the sum of $128,449.01.

## SECOND CAUSE OF ACTION: ACCOUNT STATED

19.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 as though more fully set forth herein.

20.     In and around June 2012 through August 2012, the plaintiff delivered to the defendants invoices totaling $ 128,449.01 for goods sold and delivered to defendants.

21.     The invoices were received and retained by the defendants without objection,

except as regards the goods covered by invoice number 120816-7, which goods have never been returned to plaintiff, and, upon information and belief, have been retained and/or used by defendants.

22.     As a consequence of the above, an account was stated between the plaintiff and the defendants, regarding all of the invoices except for number 120816-7, in the minimum sum of $ 120,649.01, no part of which has been paid although duly demanded.

23.     As a consequence thereof, the plaintiff has sustained damages in the minimum sum of $120,649.01.

### THIRD CAUSE OF ACTION - UNJUST ENRICHMENT

24.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 23 as though more fully set forth herein.

25.     By virtue of the defendants' receipt, acceptance, retention and/or use of the merchandise referred to above and the defendants' failure to remit payment for same, the defendants have been unjustly enriched in the amount of $128,449.01.

26.     Accordingly, defendants are indebted to plaintiff in the sum of $128,449.01.

## FOURTH CAUSE OF ACTION - QUANTUM MERUIT

27.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 as though more fully set forth herein.

28.     At defendants' specific request, plaintiff did supply finished fabrics to defendants in the reasonable value of $128,449.01.

29.     The defendants accepted, retained and/or used said fabrics.

30.     The defendants have failed and refused to pay for the reasonable value of said fabrics, although duly demanded.

31.     As a consequence of the above, the plaintiff has sustained damages in the sum of $128,449.01.

**WHEREFORE**, plaintiff respectfully demands judgment against the defendants, jointly and severally, as follows:

a.     On the first cause of action, the sum of $128,449.01;

b.    On the second cause of action, the sum of $120,649.01;

c.    On the third cause of action, the sum of $128,449.01;

d.    On the fourth cause of action, the sum of $128,449.01;

e.    Plus interest, plaintiff's costs, disbursements and attorneys' fees incurred in the

prosecution of the within action, and  such other and further relief as  this Court shall deem just

and proper.

Dated:        New York, New York
              October 17, 2012

                              SCHLACTER & ASSOCIATES
                              Attorneys for Plaintiff
                              450 Seventh Avenue
                              New York, New York 10123
                              (212) 695-2000

                        By
                              Jed R. Schlacter (JRS 4874)

# EXHIBIT 2

Jinno Choi

보낸 사람:    "Lucy Rozner" <Lucy@premierfabricsinc.com>
받는 사람:    "'Jinno Int'l'" <sales@jinnointl.com>
보낸 날짜:    2012년 8월 31일 금요일 오후 10:58
제목:         RE: (UPDATE)PENDING PAYMENT


Dear Jinno,
Suruj is out sick.Ryan is on vacation this week.We will wire payment next week,09/04/12 as per Ryan's email.

Best,
Lucy


Lucy Rozner
Premier Fabrics Inc.
1400 Broadway, Suite 301
New York, NY  10018
T- 212.354.7766
F- 212.354.1950

Jinno Choi

| | |
|---|---|
| 보낸 사람: | "Ryan Borg" <Ryan@premierfabricsinc.com> |
| 받는 사람: | "'Jinno Choi'" <jinno@jinnointl.com>; "'Jinno Int'l'" <sales@jinnointl.com> |
| 참조: | "Jermaine Nepaul" <jermaine@premierfabricsinc.com> |
| 보낸 날짜: | 2012년 9월 12일 수요일 오전 1:25 |
| 제목: | RE: Payment |

Resend, due to no response.

RE: PO 27982- my staff has been requesting the surrender b/l for this order. I need this sent immediately.

Hi Jinno,
Re Payment: I am not avoiding payment. I am having slow time as everyone in the market is, and I am trying to resolve all payment issues shortly. Please be patient.

RE: Symphony Print: I had permission from Symphony to print this design. There was no one doing any shameless business with this request. I completely understand and respect your situation. Please disregard this print request.

Ryan Borg
Premier Fabrics Inc
City Prints LLC
1400 Broadway, Suite 1704
New York, NY 10018
T- 212.354.7766 x315
F- 212.354.1950
M-516.448.0001


-----Original Message-----
From: Jinno Choi [mailto:jinno@jinnointl.com]
Sent: Saturday, September 08, 2012 2:03 AM
To: Jason Borg
Cc: Ryan Borg
Subject: Re: Payment

Please let me know why you're evade answering about payment.

Jinno

Jinno Choi

| | |
|---|---|
| 보낸 사람: | "Ryan Borg" <Ryan@premierfabricsinc.com> |
| 받는 사람: | <jinno@jinnointl.com> |
| 보낸 날짜: | 2012년 9월 14일 금요일 오전 7:46 |
| 제목: | RE: Payment |

Hi Jinno,
I have already explained that due to cash flow situation I need more time to make payment.

My customer is now waiting for this order and will cancel if they do not receive the surrender b/l by
tomorrow. I need this taken care of or else both Jinno and Premier will lose. This is very important as this
customer has running program on this item.

Best,
Ryan

Ryan Borg
Premier Fabrics Inc
City Prints LLC
1400 Broadway, Suite 1704
New York, NY 10018
T- 212.354.7766 x315
F- 212.354.1950
M-516.448.0001

**From:** Jinno Choi [mailto:jinno@jinnointl.com]
**Sent:** Thursday, September 13, 2012 6:01 PM
**To:** May Chuk
**Cc:** Lucy Rozner; Jermaine Nepaul; Ryan Borg; Jason Borg
**Subject:** Re: Payment

Hi Ryan

I don't understand of why you didn't paid the pending payment long time

Please let me know

Please clean up everything

Jinno

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINNO INTERNATIONAL, CO., <br><br> Plaintiffs, <br><br> v. <br><br> PREMIER FABRICS, INC. and CITY PRINTS, LLC, <br><br> Defendants. | Case No.: 12-CV-7820 (BSJ) <br><br> **DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM OF PREMIER FABRICS, INC. FOR (1) BREACH OF CONTRACT, (2) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS, (3) MISAPPROPRIATION OF TRADE SECRETS, (4) UNFAIR COMPETITION, AND (5) UNJUST ENRICHMENT** |
| PREMIER FABRICS, INC. <br><br> Counterclaimant, <br><br> v. <br><br> JINNO INTERNATIONAL, CO., <br><br> Counter-Defendant. | |

Defendants PREMIER FABRICS, INC. ("Premier") and CITY PRINTS, LLC ("City Prints") (collectively "Defendants") respond to the Complaint filed by JINNO INTERNATIONAL, CO. ("Plaintiff") and assert a Counterclaim as follows:

## ANSWER

Defendants generally deny any and all allegations, speculation, and factual assertions made by the Plaintiff in its Complaint except those expressly admitted below:

1.  To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

1

2.      To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

3.      To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendants admit the first sentence of this paragraph and deny the remainder of this paragraph.

6.      Defendants admit this paragraph.

7.      Defendants deny this paragraph.

8.      Defendants admit that Premier and City Prints have shared offices, showrooms, warehouse facilities, telephones, have had common telephone and fax numbers, and utilize the same information technology systems. Defendants deny the remainder of the allegations in this paragraph to the extent there are no individuals that are the employees of both companies and the companies have wholly different ownership.

9.      Defendants admit that the emails mentioned in this paragraph contain the names of both Premier and City Prints. Defendants deny the remainder of the allegations in this paragraph.

10.     Defendants deny that the agreed price and reasonable value was $128,449.01. Defendants admit the remainder of the allegations in this paragraph.

11.     Defendants deny this paragraph.

12.     Defendants deny this paragraph.

13.     Defendants deny this paragraph.

14.     Defendants admit this paragraph.

15.     Defendants admit this paragraph.

16.     Defendants admit this paragraph.

17.     Defendants deny this paragraph.

18.     Defendants deny this paragraph.

2

ANSWER AND COUNTERCLAIM

19.     Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

20.     Defendants admit that Plaintiff delivered invoices to the Defendants in and around June 2012 through August 2012.  Defendants deny the truth of the remaining allegations in this paragraph.

21.     Defendants deny this paragraph.

22.     Defendants deny this paragraph.

23.     Defendants deny this paragraph.

24.     Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

25.     Defendants deny this paragraph.

26.     Defendants deny this paragraph.

27.     Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

28.     Defendants deny this paragraph.

29.     Defendants deny this paragraph.

30.     Defendants admit that they refused to pay $128,449.01 to Plaintiff. Defendants deny the remaining allegations in this paragraph.

31.     Defendants deny this paragraph.

## AFFIRMATIVE DEFENSES

And, as for separate affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

32.     Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if it is permitted to recover on the claims.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

33.     Plaintiff is barred from recovery by virtue of its inequitable conduct and/or unclean hands.

3

ANSWER AND COUNTERCLAIM

### THIRD AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

34.     Plaintiff is barred from recovery against Defendants because Plaintiff failed to exercise reasonable efforts to mitigate damages, if any, caused by the acts of Defendants.

### FOURTH AFFIRMATIVE DEFENSE
#### (Acts and Omissions)

35.     Plaintiff's right to seek any relief in its claims is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control.

### FIFTH AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

36.     Plaintiff's complaint, and each and every purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE
#### (Laches)

37.     Plaintiff's complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Lack of Injury or Damages)

38.     Plaintiff has suffered no injury or damages as a result of any acts or omission of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Accord and Satisfaction)

39.     Plaintiff has reached an accord and satisfaction with Defendants, as evidenced through Plaintiff's own actions prior to filing this lawsuit.

### Right To Assert Additional Defenses

40.     Defendants presently have insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses are available.

4

ANSWER AND COUNTERCLAIM

Defendants reserve the right to assert additional affirmative defenses in the event that discovery reveals that so doing would be appropriate.

WHEREFORE, Defendants request that

    a.  All claims brought against them by Plaintiff be dismissed;

    b.  Plaintiff take nothing in this action,

    c.  Judgment enter on behalf of Defendants, together with attorneys fees, costs and interest; and

    d.  Defendants be awarded such further legal and equitable relief as the Court deems proper.

DEFENDANTS HEREBY DEMAND A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN.

## COUNTERCLAIMS

Premier Fabrics, Inc. alleges its counterclaims against Plaintiff and Counterclaim Defendant Jinno International Co. as follows:

### JURISDICTION

1. These Counterclaims, as set forth below, are for breach of contract, intentional interference with contractual relations, misappropriation of trade secrets, unfair competition, and unjust enrichment.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2) because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and because the counterclaims arise from the same actions from which arise Plaintiff's original claim against Counterclaimant.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b).

5

ANSWER AND COUNTERCLAIM

## PARTIES

4.   Counterclaimant PREMIER FABRICS, INC. ("Premier") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 1400 Broadway, Suite 1704, New York, NY 10018.

5.   Upon information and believe, Plaintiff and Counterclaim Defendant JINNO INTERNATIONAL, CO. ("Jinno") is a foreign corporation organized and existing under the laws of the Republic of Korea, with its principal place of business located at 180-30, Janggi-Dong, Dalseo-Gu, Daegu, Korea.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

6.   Premier has been doing business with Jinno since 2010.

7.   As part of its business dealings with Jinno, Premier would purchase design samples from Jinno with the express and/or implied agreement that Jinno would authorize and produce garments bearing the sampled designs if Premier chose to use said designs in any way.

8.   Premier and Jinno engaged in the transactions set forth herein, wherein Premier purchased design samples from Jinno with the understanding and expectation, clearly understood by said parties, that Jinno would authorize and fill any orders bearing said designs should Premier choose to use said designs in any way.

9.   Despite this knowledge and understanding, Jinno sold Premier the samples at issue in this case, subsequently refused to fill any orders for garments bearing the sampled designs in violation of the parties' express and implied agreements, and then demanded payment from Premier for such samples anyway.

6

ANSWER AND COUNTERCLAIM

10. Jinno has breached its agreement with Premier by sampling designs and then refusing to fill Premier's orders for garments bearing those designs.

11. As a direct and proximate result of Jinno's breach of agreements with Premier, Premier has suffered damages in a sum to be determined at trial, plus interest thereon at the maximum legally permissible rate, according to proof at trial.

## SECOND CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

12. Counterclaimant repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Counterclaim.

13. Premier had valid contractual relationships with various customers in the United States. By virtue of Jinno's business dealings with Premier, Jinno had knowledge of these contracts.

14. Premier is informed and believes and thereon alleges that starting in or about 2011, Jinno induced Premier's existing customers to breach their existing contracts with Premier and instead place with Jinno orders these customers would have placed with Premier.

15. Premier is informed and believes and thereon alleges that Jinno has intentionally engaged in the activities described herein for the purpose of interfering with the contractual relationships between Premier and its customers, among other reasons.

16. Premier is informed and believes and based thereon alleges that it has and will continue to suffer irreparable harm from Jinno's interference with Premier's business activities for which money damages will not compensate it fully.

17. Premier is informed and believes and thereon alleges that Jinno will continue to engage in such activities unless Jinno is enjoined from doing so by the Court.

ANSWER AND COUNTERCLAIM

18. Premier is informed and believes and thereon alleges that further interference by Jinno will further disrupt Premier's business by inducing further and additional breaches by Premier's customers of their existing contracts with Premier.

19. Due to Jinno's intentional interference with Premier's contractual relations with its customers, Premier has suffered substantial damages to its business in an amount to be established at trial.

20. Due to Jinno's intentional interference with Premier's contractual relations with its customers, Premier has also suffered general and special damages in an amount to be established at trial.

## THIRD CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS

21. Counterclaimant repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Cross-Complaint.

22. Premier's client accounts and the terms of the purchase and sales agreements between Premier and its clients constitute confidential information and trade secrets.

23. Such confidential information gives Premier an opportunity to obtain an advantage over competitors, who do not have such client contacts or the ability to supply fabric at competitive prices.

24. Jinno obtained client information from Premier through its business dealings with Premier over the past two years. Jinno and Premier's business relationship with respect to Premier's client accounts was clearly confidential in nature.

25. Jinno agreed to maintain the confidentiality of Premier's trade secret information, including but not limited to Premier's customer list and order history.

8

ANSWER AND COUNTERCLAIM

26. Jinno's subsequent use of Premier's trade secret and confidential information breached this agreement, which constitutes a misappropriation of Premier's trade secrets.

27. To the extent Jinno did not obtain such information through a confidential relationship, it obtained it improperly.

28. Jinno's use of Premier's client account information is unauthorized and thus a misappropriation of trade secrets.

29. Premier is being irreparably harmed by Jinno's misappropriation of Premier's trade secrets and confidential information to compete with Premier and will continue to be harmed unless Jinno's misappropriation is enjoined by this Court.

30. By reason of Jinno's misappropriation of Premier's confidential information and trade secrets, Premier has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general, special, and punitive damages in an amount to be established at trial.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION

31. Counterclaimant repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Counterclaim.

32. Jinno refused to supply Premier with the orders necessary to fulfill Premier's clients' requests while it capitalized on Premier's trade secrets and confidential information and approached these same client directly—all after selling Premier fabric samples with the implied (if not express) promise to then fill orders for that fabric if and when Premier secured the same.

33. Premier's property rights were misappropriated by Jinno for commercial advantage.

9

34. Jinno misappropriated Premier's confidential client contact and account information and used such information to solicit business from Premier's clients.

35. Jinno was able to access sensitive and confidential client contact and account information during the course of its business dealings with Premier despite Premier's reasonable efforts to protect the confidential nature of such information.

36. Jinno capitalized on this information by establishing a sales team in the United States to directly contact Premier's clients and offer to supply them directly.

37. Due to Jinno's place in the supply chain, Jinno was able to use Premier's client account information to circumvent Premier entirely.

38. At the same time, Jinno refused to supply any fabric orders placed by Premier in order to frustrate Premier's ability to service its customers.

39. Such actions by Jinno demonstrate Jinno's bad faith and calculated attempt to achieve a short-cut in the marketplace by unjustifiably profiting from time, money and resources Premier has expended over the years developing a client base and providing product to those customers at competitive prices.

## FIFTH CAUSE OF ACTION
### UNJUST ENRICHMENT

40. Counterclaimant repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Counterclaim.

41. By selling goods to Premier's clients, which goods Jinno should have ordered from Premier, Jinno unjustly enriched itself at the expense of Premier and to Premier's detriment.

10

ANSWER AND COUNTERCLAIM

42. Jinno knew or reasonably should have known that its sales to Premier's clients were at the expense and to the detriment of Premier, and that Premier reasonably expected to be compensated for such sales.

43. Jinno's actions in depriving Premier of sales and taking such sales for itself require, in equity and good conscience, that Jinno provide restitution to Premier.

**PRAYER FOR RELIEF**

Wherefore, Counterclaimant prays for judgment as follows:

1. <u>With Respect to Each Claim for Relief</u>

    a. That Counter-Defendant, its agents, and employees be enjoined from interfering with Counterclaimant's contractual relations in any manner;

    b. That Counter-Defendant, its agents, and employees be enjoined from misappropriating any of Counterclaimant's trade secrets and confidential information in any manner;

    c. That Counterclaimant be awarded all losses of Counterclaimant, plus any other monetary advantage unjustly gained by Counter-Defendant through its tortious and unlawful conduct, the exact sum to be proven at the time of trial;

    d. That Counter-Defendant accounts to Counterclaimant for its profits and any damages sustained by Counterclaimant arising from the foregoing acts of infringement;

    e. That Counterclaimant be awarded pre-judgment interest as allowed by law;

    f. That Counterclaimant be awarded the costs of this action; and

    g. That Counterclaimant be awarded such further legal and equitable relief as the Court deems proper.

11

ANSWER AND COUNTERCLAIM

COUNTERCLAIMANT HEREBY DEMANDS A TRIAL BY JURY PURSUANT TO

FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN.

Respectfully submitted,        Dated:  December 13, 2012

   /s/ Michael D. Steger _____
Michael D. Steger (MS2009)
Law Offices of Michael D. Steger, PC
1325 Sixth Avenue, 27th Floor
New York, NY  10019
(212) 956-9393
(845) 689-2155 (fax)
msteger@steger-law.com
Attorneys for Defendants and Counterclaimant

12

## CERTIFICATE OF SERVICE


I hereby certify that on this 13th day of December, 2012, I served a true and correct copy

of the foregoing Answer and Counterclaim electronically by ECF on counsel for plaintiff:

Jed R. Schlacter
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY  10018


 /s/ Michael D. Steger
Michael D. Steger

13