UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JINNO INTERNATIONAL, CO.,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER FABRICS, INC. and CITY PRINTS, LLC,<br><br>Defendants. | Case No.: 12-CV-7820 (BSJ)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT PREMIER FABRICS, INC.** |
| PREMIER FABRICS, INC.<br><br>Counterclaimant,<br><br>v.<br><br>JINNO INTERNATIONAL, CO.,<br><br>Counter-Defendant. | |

1

## **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 6

II. ARGUMENT .................................................................................................................. 7

   a. This Court should deny the Motion and find the pleading sufficient ................................. 7

      i. Premier's "Breach of Contract" counterclaim is properly pled ....................... 7

      ii. Premier Has Properly Pled Its "Intentional Interference with Contractual .................... 10

         Relations" Counterclaim ............................................................................... 10

      iii. Premier's "Misappropriation of Trade Secrets" counterclaim is properly pled ............ 11

      iv. Premier's "Unfair Competition" counterclaim is properly pled .................................. 14

      v. Premier's "Unjust Enrichment" Counterclaim is properly pled..................................... 15

   b. The Court should grant Premier leave to amend any deficient counterclaims. ................. 16

III. CONCLUSION............................................................................................................ 16

# **TABLE OF AUTHORITIES**

**Cases**

*Agfa Corporation v. United Marketing Group, Inc.*, No. 02 Civ. 8468, 2003 WL 21555087 at *4 (S.D.N.Y. July 10, 2003) ................................................................................................. 7

*Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Servs., Inc.*, 515 F. Supp. 2d 298, 309 (N.D.N.Y. 2007) ................................................................................................................................ 12

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ........................................................................... 7

*Atlantic Recording Corporation v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 698 (S.D.N.Y. 2009) .................................................................................................................................. 7

*B. Lewis Productions, Inc. v. Angelou*, No. 01 Civ. 0530 (MBM), 2005 U.S. Dist. LEXIS 9032, at *39 (S.D.N.Y. May 12, 2005) ................................................................................ 10

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ............................................................ 7

*Business Intelligence Servs., Inc. v. Hudson,* 580 F. Supp. 1068, 1072 (S.D.N.Y. 1984) ............ 13

*Churchill Commc'ns Corp. v. Demyanovich,* 668 F. Supp. 207, 212 (S.D.N.Y. 1987) ................ 13

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ................................................................................. 7

*Esquire Radio & Electronics, Inc. v Montgomery Ward & Co.* 804 F.2d 787 (2d Cir. 1986) ....... 9

*Farash v. Sykes Datatronics, Inc.,* 59 N.Y.2d 500, 504, 465 N.Y.S.2d 917, 919 (N.Y. 1983) ... 14, 15

*Foman v. Davis*, 371 U.S. 178, 182 (1962) ................................................................................. 16

*Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 957 F. Supp. 477, 483-84 (S.D.N.Y. 1997) ..... 11

*Giffords Oil Co., Inc. v. Wild,* 106 A.D.2d 610, 483 N.Y.S.2d 104, 106 (App. Div. 2d Dep't 1984) ................................................................................................................................. 13

*Goldblatt v. Englander Communications, L.L.C.*, No. 06 Civ. 3208, 2007 WL 148699 at *4 (S.D.N.Y. Jan. 22, 2007) ..................................................................................................... 8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

*Grappo v. Alitalia Linee Aeree Italiane, S.P.A.,* 56 F.3d 427, 433 (2d Cir. 1995) ........................ 15

*Greenberg v. Cryodon Plastics Co.,* 378 F. Supp. 806, 814 (E.D. Pa. 1974) ............................... 13

*Grumman Olson Indus., Inc.*, 329 B.R. 411, 432 (Bankr.S.D.N.Y. 2005) ................................... 11

*Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 193, 406 N.E.2d 445, 450 (N.Y. 1980) ................................................................................................................................ 10

*Hidden Brook Air, Inc. v. Thabet Aviation International, Inc.*, 241 F. Supp. 2d 246, 279 (S.D.N.Y. 2002) ............................................................................................................................ 10

*Integrated Cash Mgmt. v. Digital Transactions, Inc.,* 920 F. 2d 171 (2d Cir. 1990) ................... 13

*International Minerals and Resources, S.A. v. Pappas*, 96 F.3d 586, 595 (2d Cir. 1996) ........... 10

*Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 612 N.E.2d 289, 292 (1993) ............................... 10

*LinkCo, Inc. v. Fujitsu Ltd.,* No. 00 Civ. 7242, 2002 U.S. Dist. LEXIS 2543, at *11 (S.D.N.Y. Feb. 19, 2002) ............................................................................................................................ 13

*MacFarlane v. Grasso,* 696 F.2d 217, 224 (2d Cir.1982) ........................................................... 14

*Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 789 (S.D.NY. 2008) ................................ 12

*Moody v. Morris,* 608 F. ............................................................................................................... 12

*National Trends, Inc. v. Krimson Corp.*, No. 91 Civ. 3178 (KMW)(LB), 1994 U.S. Dist. LEXIS 3476, at *75-79 (S.D.N.Y. Mar. 23, 1994) ............................................................................... 10

*North Atlantic Instruments, Inc. v. Haber,* 188 F. 3d 38, 43-44 (2d Cir. 1999) .......................... 12

*Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.,* 742 F.Supp. 808, 812 (S.D.N.Y.1990) ..................................................................................................................................................... 14

*Q-CO Indus., Inc. v. Hoffman,* 625 F. Supp. 608, 618 (S.D.N.Y. 1985) ..................................... 13

*SD Prot., Inc. v. Del Rio*, 498 F. Supp. 2d 576, 586 (E.D.N.Y. 2007) ........................................ 12

*Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426 at *6 (S.D.N.Y. Nov. 3, 2004) ........... 8

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ............ 7

*Tasini* v. *AOL, Inc.,* 2012 WL 6176559 (2d Cir. 2012) .......................................................... 14, 15

*U2 Home Entertainment, Inc. v. Kylin TV, Inc.*, 2007 WL 2028108 at * 1, Case No. 06 Civ.
   02770 (E.D.N.Y. July 11, 2007) ................................................................................................ 7

*US Airways Group, Inc. v. British Airways PLC*, 989 F.Supp.482, 492 (S.D.N.Y. 1997) ............. 8

**Statutes**

New York UCC § 2-201(1) ............................................................................................................ 9

New York UCC 2-201(3)(a) ......................................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 8 ........................................................................................... 7, 14

Federal Rule of Civil Procedure 15(a)(2) ................................................................................... 16

Federal Rule of Civil Procedure 12(b)(6) ..................................................................................... 7

**I. INTRODUCTION**

Plaintiff JINNO INTERNATIONAL, CO.'s, ("Jinno's")'s Motion to Dismiss (the "Motion") must be denied. Jinno pretends that its claims against Premier Fabrics, Inc. ("Premier") arise in a vacuum, but as set forth in Premier's counterclaims, they arose from Jinno's unscrupulous business practices. Premier's counterclaims properly allege actionable conduct by Plaintiff for which relief is available, thus they meet the standard of Federal Rule of Civil Procedure 8 and this motion must fail.

Premier is a New York-based textile company. It purchases sample fabric at significant expense in order to samples said fabrics to its customers in order to secure and fill larger orders for that fabric. It is through securing those orders that Premier generates its profits.

Premier has been doing business with Jinno since 2010. As part of its normal course of business with Jinno, Premier purchased design samples from Jinno in order to show those samples to third party customers and secure printing orders for that fabric. Jinno understood that Premier was only purchasing sample fabric from it on the condition that Jinno would fill future orders for that fabric – indeed, if Premier could not fill orders for the sampled fabric for its customers the samples it obtained from Jinno were a complete waste of money. The agreement to provide additional fabric to Premier once samples were purchased was certainly implied, if not express.

Despite this agreement, on or about June 2012 Jinno sold Premier the samples at issue in this action, and subsequently refused to fill any orders for additional fabric. At the same time, it began to directly contact customers of Premier in an attempt to induce them to transact business directly with Jinno instead of Premier.

On December 13, 2012, Premier served its Answer to Jinno's Complaint and Counterclaims for (1) breach of contract, (2) intentional interference with contractual relations, (3) misappropriation of trade secrets, (4) unfair competition, and (5) unjust enrichment.[1] Jinno responded by filing its motion to dismiss, based almost wholly on its contention that Premier's factual allegations in the Counterclaim are inadequate. However, as set forth below, Premier has pleaded sufficient facts to support all of its counterclaims. Therefore, Jinno's motion must be denied.

---

[1] *See* Answer and Counterclaim of Defendant Premier Fabrics, Inc. and City Prints, LLC (the "Counterclaim").

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

## II. ARGUMENT

### a. This Court should deny the Motion and find the pleading sufficient

This motion should be dismissed because Premier has alleged sufficient facts which, when taken as true with all inferences drawn in its favor (as must be done for purposes of this Motion), facially support each of its counterclaims and demands for relief.

When evaluating a motion to dismiss under FRCP 12(b)(6), a court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Also, a motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) sets forth the requirements for pleading a claim in federal court and directs that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). *U2 Home Entertainment, Inc. v. Kylin TV, Inc.*, 2007 WL 2028108 at * 1, Case No. 06 Civ. 02770 (E.D.N.Y. July 11, 2007). FRCP 8(a) further requires that "the Court must accept [Premier's] factual allegations as true and draw all reasonable inferences in its favor." *Atlantic Recording Corporation v. Project Playlist, Inc.*, 603 F.Supp.2d 690, 698 (S.D.N.Y. 2009); *see also Agfa Corporation v. United Marketing Group, Inc.*, No. 02 Civ. 8468, 2003 WL 21555087 at *4 (S.D.N.Y. July 10, 2003).

Dismissal of a complaint, pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" set forth therein. *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) As long as Premier has pleaded "factual content [that] allows the [C]ourt to draw the reasonable inference that [Jinno is] liable for the misconduct alleged," ***the Court must not grant the motion.*** *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (emphasis added). Such is the case at bar. Indeed, "[s]pecific facts are not necessary" for pleadings to satisfy Rule 8(a)(2). *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### i. *Premier's "Breach of Contract" counterclaim is properly pled*

Premier has provided sufficient factual content in its Counterclaim to support a reasonable inference that Jinno is liable for breach of contract. Therefore, under the liberal standards of acceptable pleadings under FRCP 8(a)(2) and 12(b)(6), Premier's breach of contract counterclaim must not be dismissed.

As Jinno's motion acknowledges, a proper claim for breach of contract must allege: (1) a contract; (2) performance by one party; (3) breach by the other party; and (4) damages.[2] Controlling law also dictates: "[t]he liberal pleading standard of Fed.R.Civ.P. 8(a) ... combined with the proper standard of review on a motion to dismiss, creates a forgiving arena" for breach of contract claims. *Sharp v. Patterson*, No. 03 Civ. 8772, 2004 WL 2480426 at *6 (S.D.N.Y. Nov. 3, 2004). *See also US Airways Group, Inc. v. British Airways PLC*, 989 F.Supp.482, 492 (S.D.N.Y. 1997) (non-specific allegations of damages sufficient to survive motion to dismiss). Under this liberal standard, Premier's Counterclaim sufficiently pleads a cause of action for breach of contract.

Specifically, Premier alleges that Jinno sold the fabrics at issue with an agreement to fill future orders of that fabric, but then breached that agreement – leaving Premier with lost revenues, and wasted money on samples that it had no use for. Counterclaim, ¶¶ 6-11. Premier has likewise pleaded that it fulfilled all obligations on it.[3] Given that the Court must accept Premier's factual allegations as true and draw all reasonable inferences in its favor,[4] Premier's pleadings satisfy all elements required to facially state a cause of action for breach of contract.

Jinno contends that Premier's breach of contract claim does not allege the contract at issue or alleged breach. But a contract does not require a written document, it merely requires a "meeting of the minds" such as where two companies do business on an understanding regarding terms and payment – as is alleged in this case (which may be termed an implied-in-fact contract). Additionally, because the contract at issue is for an arrangement of exclusive production of fabric bearing specified sampled designs, the characterization of the finished goods as either "garments" or "fabric" does not materially change the requirement that such fabric (whether in garment form or not) be delivered only upon the terms of the contract. Therefore, Jinno's assertion that it did not breach an agreement "to produce garments" also fails.

---

[2] *Desouza v. Andy Frain Services, Inc.,* 2012 WL 3245496 (S.D.N.Y. 2012)(citations omitted). *See also* Motion, pp. 3-4.
[3] *Id.*; but by any means, "... nominal damages are always available in breach of contract actions . . . [w]henever there is a breach of contract or the invasion of a legal right, the law infers some damage." *Goldblatt v. Englander Communications, L.L.C.*, No. 06 Civ. 3208, 2007 WL 148699 at *4 (S.D.N.Y. Jan. 22, 2007) (internal quotation marks and citations omitted).
[4] *See Atlantic Recording*, supra, 603 F.Supp.2d at 698.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Similarly, Jinno's reliance on the New York Statute of Frauds in the Uniform Commercial Code, Section 2-201, is also misplaced. The contract that Premier has alleged to be breached by Jinno is not specifically for the sale of goods valued at over $500, as Jinno claims in its motion. Rather, the contract at issue involves a mutually-understood exclusive arrangement whereby Premier would purchase design samples from Jinno with the express understanding and expectation that Jinno would authorize and fill any orders bearing the specified designs should Premier choose to use said designs in any way. Counterclaim, ¶¶6-11. Therefore, the contract that Jinno is alleged to have breached does not fall within the purview of § 2-201.[5] Moreover, given Premier's reasonable reliance on the agreement between itself and Jinno; namely that Jinno would fill orders exclusively for Premier as requested and not misappropriate trade secrets to Premier's detriment, the doctrine of equitable estoppel renders § 2-201 inapplicable. *See Esquire Radio & Electronics, Inc. v Montgomery Ward & Co.* 804 F.2d 787 (2d Cir. 1986)(since defendant had reneged on its promise to repurchase plaintiff's spare-parts inventories, on which promise plaintiff had reasonably relied, defendant was equitably estopped from raising statute of frauds (UCC § 2-201(1) ) as defense to plaintiff's claim.) Thus, there exists a valid contract notwithstanding the Statute of Frauds, and Premiere has adequately pleaded that it was breached by Jinno.

Because Premier has pleaded enough facts to state a facial claim that Jinno breached its agreement with Premier by sampling designs and refusing to fill Premier's garment production orders, and that Premier has suffered damages as a result, the Court should deny the Motion to dismiss Premier's first counterclaim for breach of contract.

---

[5] Even if the contract *were* to be characterized as a contract for the sale of goods valued at over $500, the contract would be valid under UCC 2-201(3)(a), which provides that a contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is <u>enforceable</u> "if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement." Here, the goods at issue in the contract are specially-made, virtually complete, custom fabrics utilizing hand-selected designs sampled by Premier, that are not suitable for sale to other buyers in the ordinary course, and for which Premier had already made substantial commitments for procurement under the contract.

### ii. *Premier Has Properly Pled Its "Intentional Interference with Contractual Relations" Counterclaim*

Premier has alleged sufficient facts to facially assert its counterclaim of intentional interference with contractual relations on the part of Jinno. Therefore, the Court should deny the Motion to dismiss Premier's second counterclaim.

To state a claim for intentional interference with contract, a claimant must allege facts showing: (1) the existence of a valid contract; (2) the defendant's knowledge of that contract; (3) the defendant's intentional inducement of breach the contract; and (4) damages caused by the breach. *International Minerals and Resources, S.A. v. Pappas*, 96 F.3d 586, 595 (2d Cir. 1996); *Kronos, Inc. v. AVX Corp.*, 81 N.Y.2d 90, 94, 612 N.E.2d 289, 292 (1993). Premier has alleged these required elements with respect to its intentional interference with contractual relations counterclaim.

Premier has properly alleged the existence of valid contract(s) and the existence of contractual relationships with various customers throughout the United States, both on written and oral bases. Counterclaim, ¶ 13. These allegations meet the lenient standards for sufficiently pleaded facts to support the element of existence of valid contract(s).

Premier also pleads that by virtue of Jinno's extensive business dealings with Premier over the years, Jinno had knowledge of Premier's contracts. Counterclaim, ¶ 13. Indeed, Jinno alleges breach of one such contract in this very action. Contrary to Jinno's suggestion, there is no legal requirement that it have knowledge of all of the details or terms of a contract in order to be liable under this counterclaim. *See Hidden Brook Air, Inc. v. Thabet Aviation International, Inc*., 241 F. Supp. 2d 246, 279 (S.D.N.Y. 2002) ("knowledge need not have been perfect or precise, ... nor must [plaintiff] have been aware of the legal particulars of the contract) (citations omitted); and *Guard-Life Corp. v. S. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 193, 406 N.E.2d 445, 450 (N.Y. 1980)("as a practical matter [a party] will usually be totally unaware of ... the legal particulars of [the] contract").[6]

---

[6] *See also B. Lewis Productions, Inc. v. Angelou*, No. 01 Civ. 0530 (MBM), 2005 U.S. Dist. LEXIS 9032, at *39 (S.D.N.Y. May 12, 2005) (defendant had knowledge despite plaintiff not providing a copy of a confidential agreement); *National Trends, Inc. v. Krimson Corp.*, No. 91 Civ. 3178 (KMW)(LB), 1994 U.S. Dist. LEXIS 3476, at *75-79 (S.D.N.Y. Mar. 23, 1994)

Premier has also pleaded sufficient facts to show Jinno's inducement of the breaches asserted in this counterclaim. The Counterclaim alleges that starting on or about 2011, Jinno intentionally induced several of Premier's customers to breach their existing contracts and business relationships with Premier and instead place orders with Jinno itself. Counterclaim, ¶ 15. On its face, this allegation is sufficient to carry the element of intentional inducement of breach of then-existing and future contract(s). *Id*. at ¶ 18-19. *See also fn.* __, *supra*. *See  Fonar Corp. v. Magnetic Resonance Plus, Inc.*, 957 F. Supp. 477, 483-84 (S.D.N.Y. 1997) (tortious interference claim sustained where defendant's conduct involved wrongful use of customer list and false pretenses.) Additionally, at the pleading stage, it is impossible for Premier to fully ascertan the extent of Jinno's tortuous interference. Jinno prematurely seeks to dismiss the entire counterclaim at this early stage, which would prevent Premier from obtaining all evidence of Jinno's inducement of parties to break contracts with Premier. This Court must not allow it to do so.

Finally, Premier has pleaded damages as a result of the breach of the contract(s) at issue. *See In re Grumman Olson Indus., Inc.*, 329 B.R. 411, 432 (Bankr.S.D.N.Y. 2005)(holding that pleading party is not obliged to show, at the pleading stage of the action, that it actually sustained damages, rather it need only plead allegations from which damages attributable to the other party's conduct "might be reasonably inferred.") Therefore, this element has been sufficiently pleaded and must not be dismissed.

Given the foregoing, Premier has met its burden of providing enough facts to state a claim for relief for Jinno's intentional interference with Premier's contractual relations. Thus, Premier's second counterclaim must not be dismissed.

       iii. <u>Premier's "Misappropriation of Trade Secrets" counterclaim is properly pled</u>

Premier has provided sufficient factual content in its Counterclaim to properly allege that Jinno is liable for breach of contract. It follows, that under the liberal standards of acceptable pleadings under FRCP 8 and 12(b)(6), that Premier's misappropriation of trade secrets counterclaim must not be dismissed.

---

(where plaintiff informed defendant of the contract and defendant never saw a copy of the contract, defendant's motion for summary judgment was nonetheless denied).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

In order to state a claim for misappropriation of trade secrets, the claimant must allege: (1) that it possessed a trade secret and (2) that the defendant used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means. *North Atlantic Instruments, Inc. v. Haber,* 188 F. 3d 38, 43-44 (2d Cir. 1999); *Moody v. Morris,* 608 F. Supp. 2d 575 (S.D.N.Y. 2009), aff'd 407 Fed. Appx. 434 (Fed. Cir. 2011). There can be no reasonable dispute that Premier has adequately pleaded these elements in its Counterclaim.

Once again, Jinno is seeking an improper and premature adjudication of Premier's misappropriation of trade secrets counterclaim at the pleading stage through its motion. Premier asserts in its Counterclaim that its client accounts and the terms of its purchase/sales agreements are trade secrets, and that Jinno used this trade secret information to induce breach of Premier's contracts and obtain an improper advantage over competitors in violation of its confidential relationship with Premier. Counterclaim, ¶¶ 21-27. These clearly pleaded contentions satisfy the elements for a misappropriation of trade secrets counterclaim. It follows that Premier has adequately pleaded that Jinno had access to, and asserted undue influence and control over Premier's *trade secrets*, because it is these trade secrets and not other money or property, which Premier alleges Jinno to have misappropriated. Thus, Jinno's argument for dismissal based on a supposed lack of access and control over Premier's property is meritless.

Contrary to Jinno's assertion in the motion, the "determination" of whether a specific trade secret has been pleaded as misappropriated is not appropriate at the pleadings stage of litigation. Indeed, a number of decisions in the Second Circuit issued after introduction of the *Twombley* "plausibility" standard establish that at the motion to dismiss stage a party need not identify its trade secrets with specificity in order to overcome a motion to dismiss. *See Medtech Prods. v. Ranir, LLC*, 596 F. Supp. 2d 778, 789 (S.D.NY. 2008)("specificity as to the precise trade secrets misappropriated is not required in order for [a party] to defeat the present Motions to Dismiss); *SD Prot., Inc. v. Del Rio*, 498 F. Supp. 2d 576, 586 (E.D.N.Y. 2007) (finding an allegation of the existence of legitimate trade secrets sufficient to defeat a motion to dismiss, and stating plaintiff "has no obligation to reveal those secrets in the Complaint simply to prove that they exist"); *Am. Bldg. Maint. Co. of N.Y. v. Acme Prop. Servs., Inc.*, 515 F. Supp. 2d 298, 309 (N.D.N. Y. 2007) (in denying motion to dismiss claim for trade secret misappropriation, the Court stated that plaintiff's allegations, "which the Court

must accept at this stage of the litigation, suggest that it could prevail on this cause of action and entitle it to gather and present related evidence").[7]

The authority cited by Jinno is inapplicable, because it concerns an appeal from a judgment entered for an injunction from distributing trade secret information.[8] In assessing the sufficiency of pleadings under a review of a 12(b)(6) motion, the Court should assess the legal feasibility of the complaint, not assay the weight of evidence which might be offered in support thereof. *Goldblatt*, supra, 2007 WL 148699 at *3. Further still, as Jinno's own cited authority states, courts have found that information related to operating practices and methods, including pricing and billing methods and marketing and selling practices; sales force support services; business opportunities; and the strengths and weaknesses of products and services may be considered confidential trade secrets. *Am. Bldg. Maint. Co.,* 515 F. Supp. 2d at 309.[9] This is the type of information Premier has pleaded was misappropriated by Jinno. Therefore, Premier has alleged adequate facts to assert a claim of misappropriation of trade secrets against Jinno.

Given the foregoing, Premier has met its burden of providing enough facts to state a claim for relief for Jinno's misappropriation of Premier's trade secrets. The Court should deny the Motion.

---

[7] Further still, "it is well recognized with respect to trade secrets that: 'misappropriation and misuse can rarely be proved by convincing direct evidence, . . . [and] [i]n most cases, [the party] must often construct a web of perhaps ambiguous circumstantial evidence from which the trier of fact may draw inferences which convince [him or her] that it is more probable than not what [that party] alleges happened did in fact take place.'" *Q-CO Indus., Inc. v. Hoffman,* 625 F. Supp. 608, 618 (S.D.N.Y. 1985) (internal quotations omitted) (quoting *Greenberg v. Cryodon Plastics Co.,* 378 F. Supp. 806, 814 (E.D. Pa. 1974)); *LinkCo, Inc. v. Fujitsu Ltd.,* No. 00 Civ. 7242, 2002 U.S. Dist. LEXIS 2543, at *11 (S.D.N.Y. Feb. 19, 2002) (quoting *Q-CO Indus., Inc.* at 618 (S.D.N.Y. 1985).

[8] *See Integrated Cash Mgmt. v. Digital Transactions, Inc.,* 920 F. 2d 171 (2d Cir. 1990).

[9] *See also Churchill Comm.'s Corp. v. Demyanovich,* 668 F. Supp. 207, 212 (S.D.N.Y. 1987), *(citing Business Intelligence Servs., Inc. v. Hudson,* 580 F. Supp. 1068, 1072 (S.D.N.Y. 1984) ("[c]lient information, such as data on the types of hardware and software ordered by specific clients, lists of products sold to clients but not yet developed and problems arising in the course of client relations, are also protectible as a trade secret.")*; Giffords Oil Co., Inc. v. Wild,* 106 A.D.2d 610, 483 N.Y.S.2d 104, 106 (App. Div. 2d Dep't 1984) ("Information, such as fuel oil capacity of customers, tanks, and the amount certain customers are willing to pay, which aid plaintiffs in establishing prices and which could only be achieved through personal solicitation" is confidential.).

> iv. *Premier's "Unfair Competition" counterclaim is properly pled*

Premier's Counterclaim alleges sufficient facts to state a claim that Jinno is liable for unfair competition. It follows that, pursuant to FRCP 8 and 12(b)(6), the Court cannot dismiss Premier's unfair competition counterclaim.

To state a claim for unfair competition, the claimant must allege that (1) the defendant benefitted; (2) at the claimant's expense; and (3) that equity and good conscience require restitution. *Beth Israel Med. Center* v. *Horizon Blue Cross & Blue Shield of NJ., Inc.,* 448 F. 3d 573,586 (2d Cir. 2006); *Tasini* v. *AOL, Inc.,* 2012 WL 6176559 (2d Cir. 2012); *Desouza* v. *Andy Frain Services, Inc.,* 2012 WL 3245496 (S.D.N.Y. 2012).

Premier has pleaded all facts sufficient to state a claim against Jinno for unfair competition. Namely, Premier's Counterclaim asserts that Jinno refused to supply Premier with the orders necessary to fulfill Premier's clients' requests while it capitalized on Premier's trade secrets and confidential information and approached these same clients directly after selling Premier fabric samples with the promise to then fill orders for that fabric if and when Premier secured the same. Counterclaim, ¶ 32. This scenario, as pleaded by Premier, alleges that Jinno benefitted at Premier's expense, and that Jinno's actions necessitate restitution to Premier as required by equity and good conscience. *Id.* at ¶¶ 35-39. Therefore, this counterclaim must not be dismissed.

Moreover, as set forth above, Premier alleges that Jinno misappropriated confidential trade secret information, and such misappropriation was a material factor leading to Jinno's unjust enrichment. Jinno's allegation that Premier has failed to specify a "contract or duty" that would prevent it from "using such information" is erroneous. Jinno's argument fails to take into account the provisions for alternative pleading under FRCP 8(e)(2) and controlling law, which permit the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi contract.[10] Under New York law, a separate cause of action exists where the pleading party "merely seeks to recover for the value of the work performed," as distinct from recovery for the contract

---

[10] *See Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.,* 742 F.Supp. 808, 812 (S.D.N.Y.1990); *Farash v. Sykes Datatronics, Inc.,* 59 N.Y.2d 500, 504, 465 N.Y.S.2d 917, 919 (N.Y. 1983). Dismissal of Premier's alternative counterclaim theories at this stage would violate Rule 8(e)(2), which allows plaintiffs wide "latitude" in framing their right to recover. *See MacFarlane v. Grasso,* 696 F.2d 217, 224 (2d Cir.1982).

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

price. *Farash v. Sykes Datatronics, Inc.,* 59 N.Y.2d at 504. This is because the unfair competition cause of action depends on the reasonable value of the performance rendered, regardless of the terms contained in the original agreement. *Grappo v. Alitalia Linee Aeree Italiane, S.P.A.,* 56 F.3d 427, 433 (2d Cir. 1995).[11] Premiere has sufficiently pleaded entitlement to such quasi contract in addition to contract relief.

Under these standards, Premier has met its burden of providing enough facts to state a claim, plausible on its face, for relief for Jinno's acts of unfair competition against Premier. Accordingly, Premier's fourth counterclaim must not be dismissed.

### v. *Premier's "Unjust Enrichment" Counterclaim is properly pled*

As with all other of Premier's counterclaims, Premier has alleged sufficient facts to support a reasonable inference that Jinno is liable for unjust enrichment. It follows, that pursuant to the liberal standards of acceptable pleadings under FRCP 8 and 12(b)(6), the Court should not dismiss Premier's unjust enrichment counterclaim.[12]

Again, to use Jinno's own selected authority, to prevail on a claim for unjust enrichment, the claimant must establish (1) that one party benefitted; (2) at the other party's expense; and (3) that equity and good conscience require restitution. *Tasini* v. *AOL, Inc.,* 2012 WL 6176559 (2d Cir. 2012).

Jinno's assertion that Premier's counterclaim is devoid of any sufficient factual allegations is also false. As with Premier's unjust enrichment cause of action, Premier has sufficiently pleaded facts that Jinno, which contracted with Premier, misappropriated trade secrets and intentionally interfered with Premier's other contractual relationships, when Jinno knew or should have known that doing so would cause damage to Premier. Counterclaim, ¶¶ 41-43. Premier has likewise pleaded that as a result of Jinno's actions, it is entitled to relief based on both contract and quasi contract. *See Farash,* supra, 59 N.Y.2d at 504. These allegations are specific enough to carry Premier's unjust enrichment counterclaim.

---

[11] The same can be said of the unjust enrichment cause of action, as set forth in Section II-A-v, below.

[12] Because the elements of this cause of action are virtually the same as those needed for a showing of unfair competition, Premier re-alleges and incorporates the above section discussing Premier's unfair competition counterclaim.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Given the foregoing, Premier has satisfied its burden by alleging sufficient facts to state a facially plausible claim for relief for Jinno's unjust enrichment at Premier's expense. Thus, the Court should deny Jinno's Motion.

### b.  The Court should grant Premier leave to amend any deficient counterclaims.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend a pleading at any time with leave of court, and "[t]he court should freely give leave when justice so requires." The Supreme Court has cautioned that leave to amend should be denied only when the following factors warrant denial: (1) undue delay; (2) bad faith; (3) dilatory motive; (4) repeated failure to remedy problems in the complaint; (5) undue prejudice; and (6) utility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of the *Foman* factors are present here, and, if the Court is inclined to dismiss any of the counterclaims, it should grant Premier leave to amend.

## III. CONCLUSION

As set forth above, Jinno's Motion should be denied in its entirety. In the event that the Court concludes that any of Premier's counterclaims are in any way deficient, Premier requests leave to amend the Counterclaims pursuant to Rule 15 prays that it be granted leave to amend such claim(s) as Jinno contends that each claim is well-grounded in the facts of this case, which it will establish through discovery and at trial.

Respectfully submitted,

Dated: March 8, 2013     By:  /s/ Michael D. Steger
　　　　　　　　　　　　　　Michael D. Steger (MS2009)
　　　　　　　　　　　　　　Steger Krane LLP
　　　　　　　　　　　　　　1601 Broadway, 12th Floor
　　　　　　　　　　　　　　New York, NY  10019
　　　　　　　　　　　　　　(212) 736-6800
　　　　　　　　　　　　　　(845) 689-2155 (fax)
　　　　　　　　　　　　　　msteger@skattorney.com
　　　　　　　　　　　　　Attorneys for Defendants and Counterclaimant