JED R. SCHLACTER, ESQ.
SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue, Suite 1308
New York, NY 10123
212 695-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JINNO INTERNATIONAL CO.,

                 12 Civ. 7820 (LGS)

      Plaintiff,

 -against-

PREMIER FABRICS, INC., PREMIER FABRICS,
INC. d/b/a CITY PRINTS, and CITY PRINTS LLC,

      Defendants.

-----------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS OF DEFENDANT PREMIER FABRICS, INC.


            SCHLACTER & ASSOCIATES

            By: _____
              JED R. SCHLACTER (4874)
            450 Seventh Avenue, Suite 1308
            New York, NY 10123
            212 695-2000
            Fax: 212 629-5825
            Email:  jed10123@aol.com

Dated: March 21, 2013

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **PRELIMINARY STATEMENT** | 1 |
| **ARGUMENTS** | |
| POINT VII: Premier Has Failed to Allege a Contract That Was Breached by Plaintiff | 1 |
| POINT VIII: Premier Has Failed to Properly Allege Interference with Contractual Relations | 4 |
| POINT IX: Premier Has Failed to Properly Allege Misappropriation of Trade Secrets, Unfair Competition or Unjust Enrichment | 5 |
| **CONCLUSION** | 6 |

# TABLE OF CASES AND AUTHORITIES

|  | **Page** |
|---|---|
| *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) | 5, 6 |
| *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) | 5, 6 |
| *Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*, 52 N.Y. 2d 105, 436 N.Y.S. 2d 247 (1981) | 1 |
| *Kleinschmidt Div. Of SCM Corp. v. Futuronics Corp.*, 41 N.Y. 2d 972, 395 N.Y.S. 2d 151 (1977) | 2 |
| *New World Trading v. Avshalomov*, 2012 WL 4378055 (S.D.N.Y. 2012) | 2 |

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in response to the defendant, Premier Fabrics' ("Premier") opposition to the plaintiff's instant motion seeking to dismiss the Counterclaims of Premier Fabrics. It is respectfully submitted that the defendant's opposition Memorandum further proves that the Counterclaims of Premier are so lacking in factual substance that they utterly fail to state claims for relief, and must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

## ARGUMENTS

### POINT VII [1]

#### PREMIER HAS FAILED TO ALLEGE A CONTRACT THAT WAS BREACHED BY PLAINTIFF

It is well-settled that in order for a contract to exist, the material terms of such a contract must be clear, explicit, and agreed upon. ". . . [D]efiniteness as to material matters is of the very essence in contract law. Impenetrable vagueness and uncertainty will not do [cites omitted]." *Joseph Martin, Jr. Delicatessen, Inc. v. Schumacher*, 52 N.Y. 2d 105, 109 436 N.Y.S. 2d 247 (1981). Further, "it is rightfully well settled . . . that a mere agreement to agree, in which a material term is left open for future negotiations, is unenforceable." *Id.* at 109.

---

[1] Points I through VI appear in plaintiff's moving Memorandum of Law.

1

Similarly, "[w]ithout agreement there can be no contract, and, of course, without a contract there can be no breach." *Kleinschmidt Div. Of SCM Corp. v. Futuronics Corp.*, 41 N.Y. 2d 972, 973, 395 N.Y.S. 2d 151 (1977).

And as recently stated in *New World Trading v. Avshalomov*, 2012 WL 4378055 (S.D.N.Y. 2012), "'To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms. . . . '[A] mere agreement to agree in which a material term is left for future negotiations, is unenforceable.'"

In the case at bar, the defendant's claim of breach of contract is clearly unenforceable. Defendant asserts, at page 8 of its Memorandum, that "Premier alleges that Jinno sold the fabrics at issue with an agreement to fill future orders of that fabric, but then breached that agreement . . ." And on page 9 of its Memorandum, Premier claims that "the contract at issue involves a mutually-understood exclusive arrangement whereby Premier would purchase design samples from Jinno with the express understanding and expectation that Jinno would authorize and fill any orders bearing the specified designs should Premier choose to use said designs in any way." However, the defendant fails to identify what fabrics Jinno allegedly sampled to the defendant. Defendant also fails to set forth (1) the quantity of fabrics that Jinno had allegedly agreed to sell to Premier in the future; (2) the price of each of the fabrics and designs; (3) the time of delivery of each of the fabrics; or (4) the actual identification of the alleged designs or goods that were to be sold.

2

Additionally, the absurdity of Premier's claim is that it would mean that if, as an example, Premier ultimately ordered 1,000,000 yards of ten different designs that Premier had sampled, to be shipped within 30 days, at a price of $10.00 per yard, then Jinno was obligated to fulfill such orders! That is ludicrous.

Moreover, Premier also claims that this agreement with Jinno was exclusive - that is, if Jinno sampled a design to Premier, Jinno could only sell bulk yards of that design to Premier. Yet what if Premier did not order bulk yards for 6 months, or 12 months, or 2 years – does that mean that Jinno could neither sample nor sell such designs to other customers? Moreover, it is important to note that we are not talking about designs that were created by Premier - Premier is claiming this agreement on designs that were owned by Jinno - thus Jinno had the right to sell such designs to whomever it chose, whenever it chose.

Furthermore, Premier does not indicate that it had provided any consideration for this alleged agreement to be performed in the future. And finally, Premier ignores the undisputed fact that the very reason Jinno ceased doing business with Premier was because Premier was not paying for goods that it had already purchased from Jinno.

Consequently, in this case, we do not even have facts that demonstrate an alleged "agreement to agree." Rather, Premier only alleges some future amorphous agreement to sell goods, without identifying the goods, the prices, the quantities, the delivery dates, or any other terms. The First Counterclaim for breach of contract must therefore be dismissed.

## POINT VIII

## PREMIER HAS FAILED TO PROPERLY ALLEGE INTERFERENCE WITH CONTRACTUAL RELATIONS

Premier's Second Counterclaim for interference with contractual relations must also be dismissed because, once again, Premier has totally failed to identify any single contract between Premier and any of its customers with which the plaintiff allegedly interfered, or any single customer who allegedly breached its contract with Premier as a result of Jinno's alleged interference. Premier claims in its Memorandum at page 11 that "at the pleading stage, it is impossible for Premier to fully ascertain the extent of Jinno's tortious interference." Yet Premier must know what contracts it had with its customers, and which customers breached such contracts - in fact, it is only Premier that would have such knowledge. Hence to say that it is premature for Premier to provide factual evidence of this alleged claim, is utter nonsense, and simply proves that Premier does not have any such claim, and clearly has not properly alleged any such claim.

Further, as noted in our moving Memorandum at page 7, Premier's claim is that plaintiff induced Premier's customers to place orders with Jinno that such customers "*would have placed with Premier*." Thus, Premier has not even satisfactorily asserted an interference with actual, existing contracts between Premier and its customers.

Therefore, the Second Counterclaim must be dismissed.

4

## POINT IX

## PREMIER HAS FAILED TO PROPERLY ALLEGE MISAPPROPRIATION OF TRADE SECRETS, UNFAIR COMPETITION OR UNJUST ENRICHMENT

The defendant's Counterclaims for alleged misappropriation of trade secrets, unfair competition and unjust enrichment are as factually deficient as its other Counterclaims. Premier has failed to specify any contract between it and plaintiff, let alone a contract that plaintiff breached. Defendant has also failed to factually assert (other than in a conclusory manner) any confidential relationship between the parties, or that plaintiff discovered trade secrets through improper means. Most significantly, defendant has still failed to identify any purported trade secrets that plaintiff obtained or used. And defendant's counterclaim for unjust enrichment claims (paragraph 41) that Jinno should have ordered goods from Premier - which is clearly erroneous, as it was Premier who purchased goods from Jinno.

The bottom line is that defendant has made solely conclusory allegations, with no factual support, and merely set forth the legal elements of the three claims at issue herein. Such allegations are clearly insufficient under the standards established by *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). The Third, Fourth and Fifth Counterclaims of Premier must therefore be dismissed.

## **CONCLUSION**

As set forth in our moving Memorandum, Rule 12(b)(6) provides that a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading, such as Premier's Counterclaims, that offers "a formulaic recitation of the elements of a cause of action", is not sufficient to withstand a motion to dismiss. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Nor are claims that offer "naked assertion[s]" devoid of "further factual enhancement." *Twombly, supra*, at 550 U.S. at 557. Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are also insufficient to defeat a motion to dismiss. *Iqbal, supra*, 556 U.S. at 678. That is all that Premier has done in this matter; it has offered bare elements of causes of action supported only by conclusory statements.

In addition, the defendant has not asserted any facts that warrant its request to be allowed to file an amended answer with amended counterclaims.

Therefore, for all of the reasons set forth hereinabove and in our moving Memorandum, it is respectfully submitted that each of the Counterclaims of defendant Premier Fabrics, Inc. fails to state claims for which relief can be granted, and therefore, in accordance with Rule 12(b)(6), they must be dismissed.

Dated: New York, New York
       March 21, 2013

                                                  Respectfully submitted,

                                                  SCHLACTER & ASSOCIATES

                                                  By: _____
                                                        JED R. SCHLACTER (4874)

                                                Attorneys for Plaintiff
                                                450 Seventh Avenue, Suite 1308
                                                New York, NY 10123
                                                212 695-2000
                                                Fax: 212 629-5825
                                                Email: jed10123@aol.com