**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JINNO INTERNATIONAL, CO.,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER FABRICS, INC. and CITY PRINTS, LLC,<br><br>Defendants. | Case No.: 12-CV-7820-LGS<br><br>**DEFENDANTS' AMENDED ANSWER TO COMPLAINT** |

Defendants PREMIER FABRICS, INC. ("Premier") and CITY PRINTS, LLC ("City Prints") (collectively "Defendants") respond to the Complaint filed by JINNO INTERNATIONAL, CO. ("Plaintiff") as follows:

**ANSWER**

Defendants generally deny any and all allegations, speculation, and factual assertions made by the Plaintiff in its Complaint except those expressly admitted below:

1.      To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

2.      To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

3.      To the extent this paragraph of the Complaint purports to state conclusions of law, or otherwise characterize the nature of the claims alleged in the Complaint, no responsive pleading is required.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendants admit the first sentence of this paragraph and deny the remainder of this paragraph.

6.      Defendants admit this paragraph.

1

7.        Defendants deny this paragraph.

8.        Defendants admit that Premier and City Prints have shared offices, showrooms, warehouse facilities, telephones, have had common telephone and fax numbers, and utilize the same information technology systems. Defendants deny the remainder of the allegations in this paragraph to the extent there are no individuals that are the employees of both companies and the companies have wholly different ownership.

9.        Defendants admit that the emails mentioned in this paragraph contain the names of both Premier and City Prints. Defendants deny the remainder of the allegations in this paragraph.

10.       Defendants deny that the agreed price and reasonable value was $128,449.01. Defendants admit the remainder of the allegations in this paragraph.

11.       Defendants deny this paragraph.

12.       Defendants deny this paragraph.

13.       Defendants deny this paragraph.

14.       Defendants admit this paragraph.

15.       Defendants admit this paragraph.

16.       Defendants admit this paragraph.

17.       Defendants deny this paragraph.

18.       Defendants deny this paragraph.

19.       Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

20.       Defendants admit that Plaintiff delivered invoices to the Defendants in and around June 2012 through August 2012.  Defendants deny the truth of the remaining allegations in this paragraph.

21.       Defendants deny this paragraph.

22.       Defendants deny this paragraph.

23.       Defendants deny this paragraph.

24.       Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

25.       Defendants deny this paragraph.

26.       Defendants deny this paragraph.

27.     Defendants repeat and reallege the above admissions and denials as though fully set forth herein.

28.     Defendants deny this paragraph.

29.     Defendants deny this paragraph.

30.     Defendants admit that they refused to pay $128,449.01 to Plaintiff. Defendants deny the remaining allegations in this paragraph.

31.     Defendants deny this paragraph.

## AFFIRMATIVE DEFENSES

And, as for separate affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

32.     Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if it is permitted to recover on the claims.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

33.     Plaintiff is barred from recovery by virtue of its inequitable conduct and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

34.     Plaintiff is barred from recovery against Defendants because Plaintiff failed to exercise reasonable efforts to mitigate damages, if any, caused by the acts of Defendants.

### FOURTH AFFIRMATIVE DEFENSE
### (Acts and Omissions)

35.     Plaintiff's right to seek any relief in its claims is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

36.      Plaintiff's complaint, and each and every purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

37.      Plaintiff's complaint, and each and every purported cause of action therein, is barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Injury or Damages)

38.      Plaintiff has suffered no injury or damages as a result of any acts or omission of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

39.      Plaintiff has reached an accord and satisfaction with Defendants, as evidenced through Plaintiff's own actions prior to filing this lawsuit.

## NINTH AFFIRMATIVE DEFENSE
### (Setoff)

40.      Defendants are entitled to set off their own damages for defective goods or goods never received.

### Right To Assert Additional Defenses

41.      Defendants presently have insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses are available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery reveals that so doing would be appropriate.

WHEREFORE, Defendants request that

    a.  All claims brought against them by Plaintiff be dismissed;

    b.  Plaintiff take nothing in this action,

  c. Judgment enter on behalf of Defendants, together with attorneys' fees, costs and interest; and

  d. Defendants be awarded such further legal and equitable relief as the Court deems proper.

  DEFENDANTS HEREBY DEMAND A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN.

Respectfully submitted,    Dated:  July 1, 2013

           _/s/ Michael D. Steger_____
           Michael D. Steger (MS2009)
           Steger Krane LLP
           1601 Broadway, 12th Floor
           New York, NY  10019
           (212) 736-6800
           (845) 689-2155 (fax)
           msteger@skattorney.com
           Attorneys for Defendants

AMENDED ANSWER

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of July, 2013, I served a true and correct copy of the

foregoing Amended Answer electronically by ECF on counsel for plaintiff:

Jed R. Schlacter
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY  10018

          _/s/ Michael D. Steger_____
             Michael D. Steger

AMENDED ANSWER